IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:17CR117 |
| | ) | |
| SALEEM OMARIE FORBES, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One and Three of the criminal indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. At all times relevant to this Statement of Facts, the defendant, SALEEM OMARIE FORBES (hereinafter "FORBES") was an active duty enlisted member of the United States Navy stationed in Newport News, Virginia.

2. On or about March 2015, the defendant, SALEEM OMARIE FORBES began communicating with Jane Doe. FORBES initially met Jane Doe through an internet website, and the two began communicating on the Kik messenger application between FORBES' cellular telephone, and Jane Doe's iPad.

3. For approximately two years from the date the two initially met online, FORBES and Jane Doe communicated regularly through text messaging, and then later through telephone. At the time of their first communications, Jane Doe advised FORBES that she was 16 years old, then revised her age to 14. At the time of their first communication, Jane Doe was in fact 11 years old while FORBES was 19 years old.

1

4. On or about March 13, 2017, FORBES and Jane Doe discussed the possibility of FORBES traveling from Newport News, Virginia, to Covington, Louisiana to meet in person. FORBES and Jane Doe ultimately agreed that on March 20, 2017, the two would meet in Covington, Louisiana. On March 20, 2017, Jane Doe's actual age was 13 years old.

5. Leading up to their planned meeting, FORBES and Jane Doe again discussed Jane Doe's age. Jane Doe disclosed to FORBES her true age of 13 years old, but FORBES believed that Jane Dow was joking. However, after further discussion of their age difference, FORBES acknowledged that their planned meeting would be a "risk."

6. FORBES and Jane Doe also discussed FORBES bringing condoms with him for their meeting in Louisiana. Based on this discussion, FORBES assumed prior to traveling from Newport News, Virginia that he would have sexual intercourse with Jane Doe when they met in Covington, Louisiana.

7. On March 13, 2017, FORBES processed a leave request with his chain of command. He requested 9 days of leave, from March 13, 2017 through March 23, 2017. He provided his command with a leave address in West Palm Beach, Florida, where his immediate family resides. FORBES listed as his "mode of travel" on the leave request as "car."

8. FORBES' leave request makes no mention of travel to Louisiana, nor any mention of proposed air travel.

9. On March 13, 2017, FORBES purchased a plane ticket from Atlanta, Georgia, to New Orleans, Louisiana, roundtrip. The flights were scheduled to depart on March 19, 2017, from Atlanta to New Orleans, and to return to Atlanta on March 21, 2017. FORBES purchased these tickets within the Eastern District of Virginia.

10. On or about March 13, 2017, FORBES drove from Newport News, Virginia, to West Palm Beach, Florida where he visited family for several days.

11. On or about March 19, 2017, FORBES drove from West Palm Beach, Florida to Atlanta, Georgia. On March 19, 2017, FORBES boarded the aforementioned flight from Atlanta's Hartsfield-Jackson International Airport in route to Louis Armstrong New Orleans International Airport.

12. FORBES admits that he knowingly traveled in interstate commerce through his purchase and use of an interstate airline ticket, as well as through his use of the interstate highway system.

13. Upon his arrival in New Orleans, FORBES rented a black Hyundai Sonata and drove to Covington, Louisiana. He proceeded to a Super 8 Motel in Covington, where he rented a room, with one king bed, for two nights.

14. FORBES and Jane Doe spoke over the phone on the evening of March 19, 2017, and the two planned on FORBES picking Jane Doe up as she walked to school on the morning of March 20, 2017.

15. On the morning of March 20, 2017, FORBES picked up Jane Doe as planned and the two proceeded to the Super 8 Motel.

16. Once at the motel, FORBES and Jane Doe consumed several Mike's Hard Lemonades, purchased by FORBES. FORBES and Jane Doe kissed, and after approximately one hour together, FORBES brought Jane Doe back to the location from which he initially picked her up. The two planned to meet again the following morning, March 21, 2017.

17. On March 21, 2017, FORBES picked up Jane Doe again at the same location as the day prior. FORBES drove Jane Doe to the Super 8 Motel where they again consumed

3

Mike's Hard Lemonade. FORBES and Jane Doe then engaged in oral and vaginal sexual intercourse.

18. Following this encounter, FORBES dropped Jane Doe off outside of Pineview Middle School.

19. At approximately 9:30 a.m. on the morning of March 21, 2017, Jane Doe's mother received a notification from Pineview Middle School that Jane Doe was absent. Jane Doe's mother began looking for Jane Doe, whom she found in front of the school.

20. Jane Doe disclosed that she had been with FORBES on the morning of March 21, 2017. Jane Doe further advised that FORBES was her "boyfriend," that he was "21 and in the Navy," and that the two had sexual relations that morning. With this information, Jane Doe's mother contacted the Covington Police Department ("CPD") and filed a police report.

21. The Covington police department initiated an investigation and enlisted the help of the St. Tammany Parish Sheriff's Office, as the Super 8 Motel is located in St. Tammany Parish.

22. On March 21, 2017 at approximately 11:00 a.m., and acting on the information provided by Jane Doe's mother, detectives with the St. Tammany Parish Sheriff's Office obtained a search warrant for FORBES' motel room. Their search resulted in the seizure of several bottles of Mike's Hard Lemonade and several used condoms.

23. The detectives also obtained security footage from the Super 8 Motel showing FORBES and Jane Doe on the premises of the Super 8 Motel on March 21, 2017.

24. In an effort to gather evidence relating to communications between Jane Doe and FORBES, detectives with St. Tammany Parish requested law enforcement assistance from NCIS to obtain a Commonwealth of Virginia search warrant for FORBES' home. A search warrant

4

was granted on March 27, 2017, which permitted agents to search FORBES' Newport News home for digital media devices containing evidence of his relationship with Jane Doe, communications with other minors, or involvement in child pornography.

25. NCIS also assisted in the pursuit of a subpoena for the phone records associated with FORBES' T-Mobile account. The subpoena revealed that from August 25, 2016 through March 21, 2017, 470 calls were connected between FORBES' cellphone and the landline telephone associated with Jane Doe.

26. Several items of interest were seized from FORBES' home, including a Hewlett Packard Model 15-g020nr laptop computer, and an Apple iPhone 6, Model A1238.

27. An NCIS forensic review of the iPhone 6 revealed four images of Jane Doe, fully clothed, but exposing her underwear to the camera.

28. An NCIS forensic review of the laptop revealed 78 video files containing child pornography. Internet history processing of the laptop revealed numerous file items containing child pornography terms and titles.

29. One of the videos, titled "Video 2015-11-26 13 53 34.mp4" depicts a prepubescent minor engaging in sexually explicit conduct, specifically, vaginal sexual intercourse with an adult male, including a lascivious exhibition of the genitals.

30. Metadata associated with "Video 2015-11-26 13 53 34.mp4" indicates that the file was downloaded by FORBES on or about February 16, 2017.

31. NCIS requested technical assistance with the digital forensic report from the National Center for Missing and Exploited Children ("NCMEC"). NCMEC identified "Video 2015-11-26 13 53 34.mp4" as a video from a "known series" of child pornography. A series

ACL

SoF

DC

becomes "known" to NCMEC when a law enforcement entity has successfully identified a depicted child victim.

32. FORBES' laptop computer and iPhone were both manufactured outside the Commonwealth of Virginia.

33. FORBES' laptop computer and iPhone, throughout the time periods relevant to the Indictment, both had access to the internet, which is an interconnected network of computers with which one communicates when online. This network crosses both state and national borders.

34. FORBES admits that "Video 2015-11-26 13 53 34.mp4" had been shipped and transported in interstate and foreign commerce, by any means, including by computer.

35. FORBES admits and the evidence substantiates that on or about February 16, 2017, in the Eastern District of Virginia, the defendant, SALEEM OMARIE FORBES, knowingly received material containing an image of child pornography as defined by 18 U.S.C. § 2256(8)(A), that had been shipped and transported using a means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: a video entitled "Video 2015-11-26 13 53 34.mp4" depicting a minor engaging in sexually explicit conduct, specifically, sexual intercourse with an adult male, and a lascivious exhibition of the genitals and pubic area of a prepubescent female child.

36. FORBES admits and the evidence substantiates that on or about March 14, 2017, within the Eastern District of Virginia and elsewhere, the defendant, SALEEM OMARIES FORBES, did knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct; to wit, a sexual act with a person he believed to be a thirteen-year-old girl, such

act being defined in 18 U.S.C. § 2246, and such sexual act would have been in violation of Chapter 109A of Title 18, United States Code, had the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

37. The events described herein occurred in the Eastern District of Virginia, except where specifically indicated otherwise.

32. The defendant stipulates and agrees that his participation in the events described was undertaken knowingly, intentionally, and unlawfully and not as a result of an accident, mistake, or other innocent reason.

Respectfully submitted,

DANA J. BOENTE
United States Attorney

By: _____
David A. Layne
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between SALEEM OMARIE FORBES and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____  1/12/18
SALEEM OMARIE FORBES            Date
Defendant

I am SALEEM OMARIE FORBES' attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____  1/12/18
Amanda C. Connor                Date
Counsel for the Defendant