**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 4:17cr117** |
| | ) | |
| **SALEEM OMARIE FORBES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS
AND MOTION FOR ADDITIONAL ONE-LEVEL REDUCTION**

The United States of America, by G. Zachary Terwilliger, United States Attorney, David

A. Layne, Special Assistant United States Attorney, and Lisa R. McKeel, Assistant United States

Attorney offers this position paper regarding the sentencing factors contained in 18 U.S.C.

§3553(a).  The government has no objection to the content of the Presentence Investigation

Report (PSR) and its addendum of April 13, 2018.  According to the PSR, the correct advisory

calculation under the United States Sentencing Guidelines (U.S.S.G. or "Guidelines) is 108-135

months' imprisonment.

Based on the nature and circumstances of the offense, the defendant's characteristics, and

taking into account all relevant conduct attributable to the defendant, the United States

respectfully submits that a term of incarceration of 108 months, and 15 years supervised release

is sufficient, but not greater than necessary, to accomplish the goals set out in 18 U.S.C.

§3553(a).

**I.      MOTION FOR ADDITIONAL ONE-LEVEL REDUCTION**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant an

additional one-level reduction in the defendant's offense level for acceptance of responsibility.

The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting all parties to allocate their resources efficiently.  This one-level reduction in the defendant's offense level has been applied in the PSR.

## II. BACKGROUND

On November 15, 2017, a Federal Grand Jury for the Eastern District of Virginia, Newport News Division, returned a twelve-count Indictment charging the defendant, SALEEM OMARIE FORBES (hereinafter "FORBES," or "defendant"), with one count of travel with intent to engage in illicit sexual contact with a minor, in violation of 18 U.S.C. § 2423(b), one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and ten counts of receipt of child pornography, in violation of 18 U.S.C. §2252A(a)(2).  On November 17, 2017, FORBES was arrested and brought before the United States District Court for his initial appearance in the Eastern District of Virginia.  On November 22, 2017, FORBES was arraigned, and a detention hearing was held wherein FORBES was ordered detained pending trial.

On January 12, 2018, a plea agreement hearing was held during which FORBES pleaded guilty to traveling with intent to engage in illicit sexual activity with a minor (Count One of the Indictment) and receipt of child pornography (Count Three of the Indictment).  At the plea hearing, FORBES also stipulated to a Statement of Facts describing the specifics of his conduct that gave rise to the Indictment.  Sentencing is scheduled for May 1, 2018.

## IV. STANDARDS GOVERNING SENTENCING

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 S. Ct. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

3

## V. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote respect for the law, provide just punishment, afford deterrent effect, protect the public, and provide the defendant with corrective treatment, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A.      Nature and Circumstances of the Offense

The offenses to which the defendant has pleaded guilty are among the most offensive in our criminal code.  FORBES' particular combination of offenses is especially worrisome. Unlike many perpetrators of child pornography-related crimes who "merely" view, or receive such material, FORBES took extensive steps to *act* on the impulses that drove him to a sexual interest in children.

FORBES carried on a two-year-long relationship with a child whom he knew was just thirteen years-old at the time of their face-to-face meeting.  In the leadup to their meeting, FORBES not only knew full-well that he was meeting a teenager, but explicitly advised her that their age difference created a "risk" in their meeting. *ECF No. 17, ¶* 5.  FORBES went as far as to take leave from his Navy command (though he did not make known in that leave request his intention to travel to Louisiana), then purchase a plane ticket, rental car, and hotel room all so that he could meet, and have sex with a thirteen-year-old girl.  *Id. ¶¶* 7-13.  Once in Louisiana,

FORBES arranged to pick up Jane Doe in the morning of March 21, 2017 from her middle school in Covington, Louisiana. *Id.* ¶¶ 14-16. By then, FORBES had purchased condoms and alcohol to further prepare for his encounter with Jane Doe. *Id.* ¶¶ 6, 17. At almost every step of the way, FORBES' conduct showed deliberation, preparation, and knowledge of its wrongfulness.

At each step of his journey from Virginia to Louisiana, FORBES could have turned around, and broke the chain of events that led him to a sexual encounter with a minor. Instead, what began as an internet chat-based relationship in 2015, ended in March 2017 with FORBES facilitating Jane Doe's absence from school, giving her alcohol, and having sex with her. In the months prior to his encounter with Jane Doe, FORBES received child pornography depicting the very acts that he would later engage in with Jane Doe. Such are the nature and circumstances of the defendant's conduct, and the egregiousness of that conduct weighs in favor of the sentence requested by the Government.

Of course, those children depicted in FORBES' collection of child pornography are victims themselves, equally deserving of justice. These children have each been subjected to sexual abuse, and each time their images or videos are viewed, an offender exploits that abuse. The Supreme Court has posited that the "use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child" used in the production of the pornographic material. *Osborne v. Ohio*, 495 U.S. 103, 109 (1990). FORBES' collection of child pornography adds to a market that preys upon children by contributing to the demand for child pornographic material. Such activity also cultivates a culture of acceptance and normalcy regarding child pornography that encourages others to participate in the market for depictions of

child sexual exploitation.  *See* KENNETH V. LANNING, CHILD MOLESTERS: A BEHAVIORAL ANALYSIS at 127-28 (National Center for Missing and Exploited Children, 5th ed. 2001).

### B.      Defendant's History and Characteristics

FORBES has no criminal history aside from the instant conduct.  This is not atypical for defendants engaged in child pornography.

The pre-sentence investigation revealed that FORBES was abused as a child.  Other than the two instances of abuse noted in the PSR, he experienced a relatively stable upbringing.  Until his arrest, FORBES enjoyed a promising career as a Sailor in the United States Navy.

FORBES' abuse as a child is no doubt disturbing, and sheds light on perhaps what has led him to engage in his own criminal behavior.  However, the Government submits that while many children are subjected to abuse of this nature, relatively few commit criminal acts of this type as adults.  In other words, the defendant's abuse cannot be viewed as a factor that absolves him of responsibility for his actions as a twenty-three-year-old Navy Sailor.

### C.      Need to Promote Just Punishment, Deter Future Criminal Conduct, and to Protect the Public

The defendant's sentence must accomplish the goals of promoting justice, deterring the defendant and others from engaging in criminal conduct of this nature, and protecting the public.  The government avers that a lenient sentence in this case would be unjust considering the demonstrable harm stemming from FORBES' crimes.  FORBES conduct is likely to have lasting negative effects on Jane Doe and her family.  Again, FORBES facilitated Jane Doe's absence from school, gave her alcohol, and engaged in multiple sexual acts with her.  She will no doubt need to come to terms with this abuse in the future, however she can.

As noted above, Jane Doe is not the only victim of the defendant's conduct.  The PSR attributes to FORBES seventy-eight video files of child pornography, each depicting a victim equally deserving of justice.  Moreover, the combination of maintaining a collection of child pornography, and then engaging in sexual acts with a child, suggests a deep inclination towards such behavior.  Accordingly, protection of the public must be a significant consideration for the Court, and is a factor that leans in favor of the sentence requested by the government.   Similarly, because of the lengths FORBES went to engage in a sexual relationship with Jane Doe, and his history with child pornography, his sentence must provide enough deterrent effect to reasonably assure society that FORBES (and other similarly situated individuals) will not commit such crimes in the future.

     **E.**     **Need to Provide Treatment to Defendant**

Due to the nature of the defendant's crimes, and his own personal history, the defendant should be ordered to participate in a sex offender treatment substance abuse programs while incarcerated and after release.  Again, a lengthy period of incarceration is the only way to be sure the defendant can fully focus on his own rehabilitation, removed from the temptation, and ability, to perpetrate a crime like this again.  Given the nature of the offense, it would seem logical to suggest that the defendant's need for treatment is considerable and that the period needed for such treatment would be lengthy.

     **F.**     **Need to Avoid Unwarranted Sentencing Disparities**

Similarly situated defendants in our Court have received lengthy periods of incarceration for traveling with the intent to engage in illicit sexual activity.  The Government suggests that this case lies somewhere in between the facts of *United States v. Shawn Michael Brown*, 4:10-

CR-97, and *United States v. Rosendo Manfredis Carranza*, 1:08-CR-495.  In *Brown*, the defendant participated in an online chat forum for individuals interested in children.  The defendant began communicating with an undercover ICE agent and made plans to travel from Virginia to Florida to meet a seven-year-old to engage in sexual activity.  The defendant was arrested en route to Florida, and ultimately pleaded guilty to attempted travel to engage in illicit sexual conduct with a minor.  Brown was sentenced to 96 months' incarceration.

In *Carranza*, the defendant traveled from Virginia to Maryland with a fifteen-year-old minor whom he had carried on a sexual relationship with for approximately one year.  The defendant fled with the minor from her home in Virginia, absconding with her for nine months until she was found and returned to her family.  The defendant was sentenced to 135 months' incarceration after pleading guilty to traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor.

The Government submits that FORBES' crimes, when coupled with other relevant conduct, and its unique circumstances merit the recommended sentence.  FORBES completed his objective of traveling and engaging in sexual contact with a girl whom he knew to be thirteen-years-old.  He did so after carrying on a two-year relationship with her online, during which time he also compiled a collection of child pornography.  A sentence including 108 months' incarceration is merited to hold the defendant accountable for his conduct given the nature of the offense, to provide the needed deterrent effects and just punishment, and is not greater than necessary to achieve the goals of our sentencing law.

## VI.  CONCLUSION

The government agrees that the PSR's Guidelines calculations are correct.  For the reasons stated above, the government asks the Court to impose a sentence of 108 months of imprisonment and fifteen years of supervised release.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:               /s/
                  David A. Layne
                  Special Assistant United States Attorney
                  Colorado State Bar No. 47989
                  United States Attorney's Office
                  World Trade Center, Suite 8000
                  101 W. Main Street
                  Norfolk, Virginia 23510
                  Office Number - 757-441-6331
                  E-Mail Address – david.layne@usdoj.gov

9

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 5th day of July, 2018, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to the following:

Amanda Catherine Conner, Esquire
150 Boush Street
Suite 403
Norfolk, Virginia 23510
(757) 457-0800

I further certify that on this 5th day of July, 2018, I caused a true and correct copy of the

foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the

following:

Cathleen C. Yetzer
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510

                                    **/s/**
                              David A. Layne
                              Special Assistant United States Attorney
                              Colorado State Bar No. 47989
                              United States Attorney=s Office
                              World Trade Center, Suite 8000
                              101 W. Main Street
                              Norfolk, Virginia 23510
                              Office Number - 757-441-3221
                              E-Mail Address – david.layne@usdoj.gov